PUBLIC TRUST AUTHORITY — LIMITATIONS ON AUDITING OF BOOKS (1) The trust authorities created under 2 O.S. 157.1 [2-157.1] (1970) et seq. may not lawfully employ the services of an accountant or accountants, other than the State Examiner and Inspector, to make periodic audits of its books and fiscal accounts. (2) A trust authority created under 2 O.S. 157.1 [2-157.1] (1970) et seq. may lawfully employ private accounting firms to recommend standards and systems of accounting. (3) A trust authority created by 2 O.S. 157.1 [2-157.1] (1970) et seq. must be audited by the State Examiner and Inspector on an annual basis. The Attorney General has had under consideration your request for an opinion as set forth in your letter of January 20, 1971. The questions in your letter refer to House Bill No. 1214 of the 1970 Legislature which has been enacted as 2 O.S. 157.1 [2-157.1] through 2 O.S. 157.9 [2-157.9] (1970). For the purpose of continuity, your questions have been rephrased to cite the statute as it how exists. By way of your letter you requested an opinion in regard to three questions which are as follows: 1. May the Trust Authority created by 2 O.S. 157.1 [2-157.1] through 157.9 lawfully employ the services of an accountant or accountants, other than the State Examiner and Inspector, to make periodic audit of its books and fiscal accounts? 2. May said Trust Authority lawfully employ private accounting firms to recommend standards and systems of accounting? 3. Does the provision of 157.7 supra, that such audit shall be made "from time to time by the State Examiner and Inspector as provided by law" mean when he deems it necessary, or made every two years as county audits are required to be made by 19 O.S. 171 [19-171] (1971)? The 1970 Legislature enacted a law providing for agricultural and industrial expositions and fairs in counties having a population in excess of 300,000. 2 O.S. 157.1 [2-157.1] (1970) provides: "For the purpose of cooperating with the development of agricultural, mineral and industrial resources and the educational facilities of the State, there may be established in all counties of the State of Oklahoma having a population in excess of Three Hundred Thousand (300,000), according to the last Federal decennial census, agricultural and industrial expositions and fairs, in the manner hereinafter provided." In order to implement this act, the Legislature provided for a Public Trust Authority to be created in accordance with the act, and provided in 157.3 supra the power of the Public Trust Authority as follows: ". . . . Such Public Trust Authority shall have all rights, powers, authority, duties and responsibilities which are now or hereafter provided by general law for Public Trust in Oklahoma (60 O.S. 176 [60-176] through 60 O.S. 183.3 [60-183.3], as amended, and the Oklahoma Trust Act, 60 O.S. 175.1 [60-175.1] through 60 O.S. 175.53 [60-175.53] (1961), as amended) which are not inconsistent with the provisions of this Act. . ." A portion of the general law for Public Trusts in Oklahoma cited in the parenthesis immediately before, provided for annual audits to be carried on and specified who could make such audit: 60 O.S. 180.1 [60-180.1] (1970): "The trustees of every trust created for the benefit and furtherance of any public function with the State of Oklahoma. . .must cause an audit to be made of the funds, accounts, and fiscal affairs of such trust, such audit to be ordered within thirty (30) days of the close of each fiscal year of said trust. 60 O.S. 180.2 [60-180.2] (1970) provides: "(a) The audits herein required shall be certified with the unqualified opinion of a certified public accountant, a certified municipal accountant or a licensed public accountant. . .The required audit shall adhere to standards set by the State Examiner and Inspector. . ." The Legislature provided however that the provisions of the General Oklahoma Trust Act as found in Title 60 would apply if they "are not inconsistent with the provisions of this Act" (2 O.S. 157.3 [2-157.3] (1970)). The Legislature provided specifically for audits of the Public Trust Authority created under 2 O.S. 157.1 [2-157.1] (1970) et seq. as follows: 2 O.S. 157.7 [2-157.7] (1970): "The accounts of the Trustee Authority, including its receipts, disbursements, contracts, mortgages, investments and other matters relating to its finances, operations and affairs shall be examined and audited from time to time by the State Examiner and Inspector as provided by law." In ruling on the question of whether outside audits might be made under a statute which specifically provides for auditing by the State Examiner and Inspector, the Oklahoma Supreme Court stated in News-Dispatch Printing and Audit Co. v. Board of Commissioners of Grady County,61 Okl. 259, 161 P. 207 (1916) as follows: ". . .The statute has furnished it in the instrumentality of the office of State Examiner and Inspector. The statutory instrumentality is sufficient to meet all requirements; and where the means provided by the statute are sufficient, there is clearly no implied authority to discard their use and contract for the use of other means." (Emphasis added) It is the opinion of the Attorney General that the Trust Authority created under 2 O.S. 157.1 [2-157.1] (1970) et seq. may not lawfully employ the services of an accountant or accountants, other than the State Examiner and Inspector, to make periodic audits of its books and fiscal accounts. 60 O.S. 175.24 [60-175.24] (1961) provides: ". . .the trustee of an express trust is authorized: H. Employ attorneys, accountants, . . .reasonably necessary in the administration of the trust estate;. . ." The Legislature has incorporated by reference 60 O.S. 175.24 [60-175.24] supra and there is no statutory authority prohibiting the employment of private accounting firms within 2 O.S. 157.1 [2-157.1] et seq. It is the opinion of the Attorney General that the Trust Authority may lawfully employ private accounting firms to recommend standards and systems of accounting, or for such other purposes as it deems necessary which are not inconsistent with the first part of this opinion. 2 O.S. 157.7 [2-157.7] (1970) provides for auditing by the State Examiner and Inspector "from time to time. . .as provided by law." After examination of those Sections of Title 60 which were incorporated by the Legislature, it is the opinion of the Attorney General that 60 O.S. 180.1 [60-180.1] (1970) as set forth is controlling: "The trustees of every trust created for the benefit and furtherance of any public function with the State of Oklahoma. . .must cause an audit to be made of the funds, accounts, and fiscal affairs of such trust, such audit to be ordered within thirty (30) days of the close of each fiscal year of the said trust." It is the opinion of the Attorney General that the specific law requiring annual audit with respect to Public Trust Authorities takes precedence over the general two year provision as found in 19 O.S. 171 [19-171] (1961). Therefore the office of the State Examiner and Inspector should conduct such audit on an annual basis as provided by the statutes hereinbefore cited. It is therefore the opinion of the Attorney General that based upon the reasons outlined hereinbefore, the answer to Question No. 1 is negative. It is the opinion of the Attorney General that the answer to Question No. 2 is affirmative. It is the opinion of the Attorney General that the answer to Question No. 3 requires the State Examiner and Inspector to make annual audits. (Paul C. Duncan)